# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-1414

————————

Jeanette Flannery,              \*
                                    \*

          Appellant,         \*    Appeal from the United States
                                    \*    District Court for the
      v.                     \*    Eastern District of Missouri.
                                    \*

Trans World Airlines, Inc.,    \*
                                    \*

          Appellee.          \*

————————

Submitted:  September 24, 1998
Filed:  November 4, 1998

————————

Before BOWMAN, Chief Judge, LOKEN, and KELLY,[1] Circuit Judges.

————————

BOWMAN, Chief Judge.

Jeanette Flannery appeals from the denial by the District Court[2] of Flannery's Federal Rule of Civil Procedure 59(e) motion requesting that the court reconsider and

---

[1] The Honorable John D. Kelly died on October 21, 1998, before the draft of this opinion was circulated.  The opinion is fully consistent with the views Judge Kelly expressed during the panel's conference following the oral argument of the case on September 24, 1998.

[2] The Honorable George F. Gunn, Jr., late a United States District Judge for the Eastern District of Missouri.

set aside its grant of summary judgment in favor of Trans World Airlines, Inc. (TWA) on Flannery's Title VII retaliation claim. We affirm.

Flannery began working for TWA in October 1969. During the period relevant to her lawsuit, she worked as a Reservation Sales Agent in TWA's Frequent Flyer Bonus Department in St. Louis, Missouri. On November 14, 1994, Flannery was speaking with Ann Crotzer, another TWA employee, when Jim Tucker, a supervisor in another department, approached Flannery and Crotzer. Crotzer introduced Flannery to Tucker as "the lady who always helps me with my problems." Flannery v. Trans World Airlines, Inc., No. 4:96CV01412 at 1 (E.D. Mo. Nov. 17, 1997) (order granting summary judgment). Pointing to Flannery, Tucker responded, "This is the lady that sleeps with [a male TWA employee] and helps him with his upgrades." Id. at 1-2. When Flannery objected to Tucker's statement, Tucker apologized and stated he had mistaken Flannery for someone else.

Flannery reported Tucker's statement to a TWA manager, but TWA took no action regarding her complaint. On November 16, 1994, Flannery filed a grievance with TWA pursuant to her union's collective bargaining agreement. After Flannery filed her grievance, TWA engaged in several actions which Flannery contends were taken in retaliation for her grievance. On undisclosed dates in late 1994 and early 1995, Flannery was ordered to remove a fan from her desk, her work hours were changed, she was reprimanded for a dress code violation, her parking space was moved further from her work station, and she was admonished for liberally awarding or refunding frequent flyer miles to customers. In March 1995, Flannery was reassigned to another work station, but did not lose any pay, seniority, or benefits as a result of this reassignment. Finally, TWA removed approximately 300 complimentary letters and commendations from Flannery's personnel file.

On July 15, 1996, Flannery filed suit against TWA alleging, inter alia, sex discrimination, sex harassment, and retaliation in violation of Title VII, 42 U.S.C.

§ 2000e to 2000e-17 and the comparable Missouri employment discrimination statute, the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010-.126. Flannery also brought state tort law claims for intentional and negligent infliction of emotional distress. On November 17, 1997, the District Court granted summary judgment in favor of TWA on Flannery's sexual harassment and retaliation claims and declined to exercise jurisdiction over Flannery's state law claims for emotional distress. Flannery timely moved the District Court to reconsider and set aside the summary judgment pursuant to Federal Rule of Civil Procedure 59(e). On January 7, 1998, the District Court denied the motion. Flannery filed her notice of appeal to this Court on February 5, 1998.

For her only issue on appeal, Flannery argues the District Court's refusal to set aside its grant of summary judgment on Flannery's Title VII retaliation claim was an abuse of discretion.[3] See Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins., 69 F.3d 868, 871 (8th Cir. 1995) (noting abuse of discretion is standard for reviewing district court's denial of Rule 59(e) motion to reconsider). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 117 S.Ct. 2518 (1997). Our determination whether the District Court abused its discretion in denying the Rule 59(e) motion necessarily depends upon an examination of the correctness of the earlier grant of summary judgment. Therefore, we begin our analysis with the District Court's grant of summary judgment.

The District Court properly determined that Flannery had not established a genuine issue of material fact regarding two elements necessary for a prima facie case of retaliation. See, e.g., Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998) (noting

_____

[3]Flannery did not timely file an appeal of the District Court's November 17, 1997, grant of summary judgment and therefore appealed only the January 7, 1998, denial of her Rule 59(e) motion to reconsider and set aside the summary judgment.

-3-

summary judgment is proper when the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). To establish a prima facie case of retaliation, Flannery was required to introduce probative evidence that (a) she engaged in protected activity, (b) TWA took adverse employment action against her, and (c) a causal connection existed between the adverse employment action and the protected activity. See Stevens v. St. Louis Univ. Med. Ctr., 97 F.3d 268, 270 (8th Cir. 1996) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The District Court determined that although TWA's actions could be viewed as amounting to changes in working conditions, there was no showing they caused any significant disadvantage to Flannery. Flannery did not allege TWA's actions resulted in reduced salary, benefits, seniority, or responsibilities, nor did she provide any evidence to support her claim that she was shunned in the position to which TWA transferred her. Therefore, Flannery did not show adverse employment action on the part of TWA. See Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994) ("Changes in duties or working conditions that cause no materially significant disadvantage . . . are insufficient to establish the adverse conduct required to make a prima facie case."). Neither was Flannery able to establish the third element of a prima facie case of retaliation. The only evidence of a causal connection between any adverse employment action and the filing of Flannery's grievance was Flannery's own conclusory affidavit, which is devoid of any specific factual allegations that, if credited by a trial jury, could support a finding of causal connection. See Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997) (holding conclusory statements in affidavit, standing alone, are insufficient to withstand properly supported motion for summary judgment). Therefore, the District Court correctly granted summary judgment in favor of TWA.

Having determined that summary judgment was appropriate, we cannot conclude that the District Court abused its discretion in declining to set aside that judgment.

Further, the District Court did not abuse its discretion in refusing to consider evidence offered by Flannery for the first time in the context of her Rule 59(e) motion. Flannery gave no explanation for her failure to present such evidence prior to the District Court's grant of summary judgment. We have held that a Rule 59(e) motion cannot be used to present evidence that could have been tendered prior to summary judgment. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993), cert. denied, 510 U.S. 1093 (1994).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.