Richard MARSH, Plaintiff,

v.

HOG SLAT, INC., Defendant.

No. C 98–3082–MWB.

United States District Court,
N.D. Iowa,
Central Division.

Jan. 6, 2000.

Dennis M. Lawyer of The Lawyer Law Firm in West Des Moines, IA, for plaintiff Richard Marsh.

Deborah M. Tharnish and Sharon K. Malheiro of Davis, Brown, Koehn, Shors & Roberts, P.C., in Des Moines, IA, for defendant Hog Slat, Inc.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BENNETT, Chief Judge.

### TABLE OF CONTENTS

I. *INTRODUCTION* ............................................................1069

II. *LEGAL ANALYSIS* ........................................................1071
   A. *Standards For Summary Judgment* ...................................1071
   B. *Sufficiency Of A Party's Affidavit* .................................1072
   C. *Sufficiency Of Marsh's Affidavit* ...................................1076
      1. *Age discriminatory failure to promote* ...........................1076
      2. *Retaliation* ....................................................1079

III. *CONCLUSION* ...........................................................1080

Just what is a "conclusory" or "self-serving" affidavit that is consequently insufficient to defeat a well-supported motion for summary judgment? That is the underlying question as the court considers the present motion for summary judgment in this age discrimination and retaliation case. "Protagoras asserted that there were two sides to every question, exactly opposite to each other." DIOGENES LAERTIUS, THE LIVES AND OPINIONS OF EMINENT PHILOSOPHERS: PROTAGORAS, iii (C.D. Young, trans., Bohn's Classical Library). The undersigned suspects that there are often rather more than two sides, and the degrees of opposition vary greatly, but two sides are enough to establish a legal dispute. Certainly, the two sides here suffice on what appears, at first blush, to be a rather prosaic question of the sufficiency of an affidavit.

### I. INTRODUCTION

Plaintiff Richard Marsh filed his petition in this matter on December 3, 1998, in the Iowa District Court for Humboldt County, alleging age discrimination and retaliation in violation of federal and state law arising from his employment as a construction worker with defendant Hog Slat, Inc. Marsh, who at the time pertinent to his claims was 57 years old, worked as a concrete finisher for Hog Slat from March of 1997 until June of 1998. In Counts I and III of his petition, asserting violations of 29 U.S.C. § 623, the federal Age Discrimination in Employment Act (ADEA), and IOWA CODE CH. 216, the Iowa Civil Rights Act (ICRA), respectively, Marsh alleges that, because of his age, he was denied promotions to crew leader for which he was qualified, while younger employees were given the positions in question. In Counts II and IV, again asserting violations of the ADEA and ICRA, respectively, Marsh asserts that after notifying Hog Slat of the filing of an age discrimination charge with the Iowa Civil Rights Commission and the EEOC, he was subjected to increasing adverse and retaliatory actions. Hog Slat removed the action to this federal court on December 24, 1998, answered Marsh's complaint, and asserted various affirmative defenses.

Hog Slat moved for summary judgment on all of Marsh's claims on October 14, 1999. Hog Slat asserts that Marsh cannot establish a *prima facie* case of age discrimination, because he failed to meet his employer's legitimate performance expectations. Hog Slat contends that the record shows beyond dispute that Marsh fell far short of the necessary skills and work habits to be considered for the crew leader positions to which he sought promotion. In affidavits submitted in support of its motion, Hog Slat details various incidents of Marsh's inadequate performance, tardi-

ness, and absenteeism. As to Marsh's retaliation claims, Hog Slat asserts that Marsh cannot establish a causal connection between any protected activity and any allegedly adverse employment action. Rather, Hog Slat contends that the undisputed evidence is that Marsh walked off the job after a meeting with his supervisors to discuss the age discrimination complaint he had filed with the Iowa Civil Rights Commission, even though Marsh had received assurances from management that he would not be fired on the basis of his performance and attendance deficiencies, because the company valued him as a concrete finisher. In support of its motion for summary judgment, Hog Slat relies on the affidavits of Dave Maxheimer, Hog Slat's Human Resources Director for the Midwest Division, and Ken Bernholtz, Hog Slat's Field Concrete Manager and one of Marsh's supervisors.

Marsh resisted Hog Slat's motion for summary judgment on October 25, 1999, relying on his own affidavit to generate genuine issues of material fact on the elements of both of his claims. Specifically, he asserts that a review of his affidavit and statement of disputed facts regarding each instance cited by Hog Slat of his alleged poor performance demonstrates that there are genuine issues of material fact as to the veracity of Hog Slat's appraisals of his performance and, indeed, inferences that Hog Slat's assertions of those instances of poor performance are only pretexts for denying him promotions. As to his retaliation claim, Marsh contends that there is no dispute that he filed a complaint with the appropriate administrative agency and that Hog Slat knew about it. Furthermore, he contends that as soon as he notified another employee about the age discrimination complaint, management for Hog Slat called a meeting at which he was "reminded" that he could be fired on performance grounds. He contends that Mr. Maxheimer told him at the meeting that he had three write-ups in his briefcase, which was enough to fire Marsh. Marsh further contends that Mr. Bernholtz told him to call his lawyer and drop the age discrimi-

nation complaint, or lose his job. According to Mr. Marsh, Mr. Bernholtz offered him his cell phone to call his attorney. Because he refused to contact his attorney or withdraw his administrative complaint, Marsh contends that he was left no option for continued employment.

It is in response to Marsh's resistance that Hog Slat first raised the troubling issue of whether Mr. Marsh's affidavit is too "self-serving" and "conclusory" to generate genuine issues of material fact that would defeat summary judgment. In a reply brief, filed November 15, 1999, Hog Slat asserts that Marsh's affidavit suffers from these defects, for several reasons. First, Hog Slat contends that Marsh's own "self-serving" evaluation of his performance is irrelevant, because what matters is the employer's perception of his qualifications. Furthermore, Hog Slat argues that Marsh has presented no other objective evidence, such as favorable job evaluations or affidavits from others familiar with his work, to refute the affidavits of Mr. Maxheimer and Mr. Bernholtz, which detail his poor performance. Hog Slat contends that the lack of written reprimands on which Marsh relies proves nothing when the question is whether Marsh was qualified for promotions, not whether he was improperly discharged. Hog Slat argues that Marsh has pointed to no corroborating evidence for his disclaimers of responsibility for various deficiencies pointed out by Hog Slat. Hog Slat characterizes Marsh's affidavit as a blanket denial of his employer's statements that is insufficient to satisfy his burden to establish that he was meeting his employer's legitimate performance expectations. In addition, Hog Slat disputes any conclusion that Marsh was passed over for promotion in favor of younger employees on the basis of examples of positions in the company held by persons as old or older than Marsh. As to Marsh's retaliation claim, Hog Slat argues that Marsh's affidavit fails to demonstrate any causal connection between Marsh's protected activity and any adverse employment action, because

Hog Slat contends that there is no corroboration for Marsh's version of events on the day he left his job with the company, and Mr. Maxheimer and Mr. Bernholtz deny much of the conduct Marsh alleges.

## II. LEGAL ANALYSIS

### A. Standards For Summary Judgment

This court has considered in some detail the standards applicable to motions for summary judgment pursuant to Fed. R.Civ.P. 56 in a number of prior decisions. *See, e.g., Swanson v. Van Otterloo*, 993 F.Supp. 1224, 1230–31 (N.D.Iowa 1998); *Dirks v. J.C. Robinson Seed Co.*, 980 F.Supp. 1303, 1305–07 (N.D.Iowa 1997); *Laird v. Stilwill*, 969 F.Supp. 1167, 1172–74 (N.D.Iowa 1997); *Rural Water Sys. # 1 v. City of Sioux Ctr.*, 967 F.Supp. 1483, 1499–1501 (N.D.Iowa 1997); *Tralon Corp. v. Cedarapids, Inc.*, 966 F.Supp. 812, 817–18 (N.D.Iowa 1997); *Security State Bank v. Firstar Bank Milwaukee, N.A.*, 965 F.Supp. 1237, 1239–40 (N.D.Iowa 1997); *Lockhart v. Cedar Rapids Community Sch. Dist.*, 963 F.Supp. 805 (N.D.Iowa 1997). Thus, the court will not consider those standards in detail here. Suffice it to say that Rule 56 itself provides, in pertinent part, as follows:

Rule 56. Summary Judgment

(b) For Defending Party. A party against whom a claim ... is asserted ... may, at any time, move for summary judgment in the party's favor as to all or any part thereof.

(c) Motions and Proceedings Thereon.... *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*

Fed.R.Civ.P. 56(b), (c) (emphasis added). Applying these standards, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376–77 (8th Cir.1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990). An issue of material fact is genuine if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394 (8th Cir.1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). As to whether a factual dispute is "material," the Supreme Court has explained, "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.1995); *Hartnagel*, 953 F.2d at 394.

Because this is an employment discrimination and retaliation case, it is well to remember that the Eighth Circuit Court of Appeals has cautioned that "summary judgment should seldom be used in employment-discrimination cases." *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994) (citing *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir. 1991); *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 364 (8th Cir.1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989)); *see also Snow v. Ridgeview Medical Ctr.*, 128 F.3d 1201, 1205 (8th Cir.1997) (citing *Crawford*); *Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 615 (8th Cir.1997) (quoting *Crawford*); *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 862 (8th Cir.1997) ("We must also keep in mind, as our court has previously cautioned, that summary judgment should be used sparingly in employment discrimination cases," citing *Crawford*); *Smith v. St. Louis Univ.*, 109 F.3d 1261, 1264 (8th Cir.1997) (quoting *Crawford*); *Hardin v. Hussmann Corp.*, 45 F.3d 262 (8th Cir.1995) ("summary judgments should only be used sparingly in employment discrimination cases," citing *Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492, 495 (8th Cir.1990);

*Hillebrand,* 827 F.2d at 364). Summary judgment is appropriate in employment discrimination cases only in "those rare instances where there is no dispute of fact and where there exists only one conclusion." *Johnson,* 931 F.2d at 1244; *see also Webb v. St. Louis Post–Dispatch,* 51 F.3d 147, 148 (8th Cir.1995) (quoting *Johnson,* 931 F.2d at 1244); *Crawford,* 37 F.3d at 1341 (quoting *Johnson,* 931 F.2d at 1244). To put it another way, "[b]ecause discrimination cases often depend on inferences. rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." *Crawford,* 37 F.3d at 1341 (holding that there was a genuine issue of material fact precluding summary judgment); *accord Snow,* 128 F.3d at 1205 ("Because discrimination cases often turn on inferences rather than on direct evidence, we are particularly deferential to the nonmovant," citing *Crawford* ); *Webb v. Garelick Mfg. Co.,* 94 F.3d 484, 486 (8th Cir.1996) (citing *Crawford,* 37 F.3d at 1341); *Wooten v. Farmland Foods,* 58 F.3d 382, 385 (8th Cir.1995) (quoting *Crawford,* 37 F.3d at 1341); *Johnson,* 931 F.2d at 1244.

However, the Eighth Circuit Court of Appeals has also observed that, "[a]lthough summary judgment should be used sparingly in the context of employment discrimination cases, *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir.1994), the plaintiff's evidence must go beyond the establishment of a prima facie case to support a reasonable inference regarding the alleged illicit reason for the defendant's action." *Landon v. Northwest Airlines, Inc.,* 72 F.3d 620, 624 (8th Cir.1995) (citing *Reich v. Hoy Shoe Co.,* 32 F.3d 361, 365 (8th Cir.1994)); *accord Kiel v. Select Artificials, Inc.,* 169 F.3d 1131, 1134 (8th Cir.) (observing that the burden-shifting framework of *McDonnell Douglas* must be used to determine whether summary judgment is appropriate), *cert. denied,* — U.S. —, 120 S.Ct. 59, 145 L.Ed.2d 51 (1999). Furthermore, "[s]ummary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of her [or his] claim." *Snow,* 128 F.3d at 1205; *accord Helfter,* 115 F.3d at 615; *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 762 (8th Cir.1995).

These special cautions seem to the court to be no less applicable here to Marsh's state-law and federal-law retaliation claims, because such claims also often depend upon inferences of the employer's motive, as is shown by application of the same burden-shifting analysis to retaliation claims as is employed in discrimination cases. *See Moschetti v. Chicago, Central & Pacific R. Co.,* 119 F.3d 707, 709 (8th Cir.1997) (The order and allocation of the burden of proof in [a retaliation case under 42 U.S.C. § 2000e–3(a)] is laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *accord Manning v. Metropolitan Life Ins. Co., Inc.,* 127 F.3d 686, 692 (8th Cir.1997); *Jackson v. Delta Special Sch. Dist. No. 2,* 86 F.3d 1489, 1494 (8th Cir. 1996). Similarly, the Iowa Supreme Court has applied the burden-shifting analysis to retaliation claims: The plaintiff must first establish a *prima facie* case of retaliatory discharge by showing protected activity, adverse employment action, and a causal connection between the two; the burden then shifts to the employer to state a legitimate reason for its action; finally, the plaintiff must demonstrate that the employer's reason is pretextual. *See, e.g., City of Hampton v. Iowa Civil Rights Comm'n,* 554 N.W.2d 532, 536 (Iowa 1996); *Yockey v. State,* 540 N.W.2d 418, 422 (Iowa 1995); *Hulme v. Barrett,* 449 N.W.2d 629, 633 (Iowa 1989) (*Hulme I* ).

Therefore, with these standards in mind, the court turns to consideration of Hog Slat's motion for summary judgment on Marsh's age discrimination and retaliation claims.

### B. Sufficiency Of A Party's Affidavit

As the court observed above, the crux of the matter for the present motion for summary judgment is whether Marsh's own

affidavit in resistance to Hog Slat's motion is sufficient to generate genuine issues of material fact that make summary judgment inappropriate. Hog Slat contends that Marsh's affidavit is "self-serving," "conclusory," unsupported by other corroborating evidence, and thus insufficient to rebut the facts as established by the affidavits of Mr. Maxheimer and Mr. Bernholtz offered in support of its motion.

The Eighth Circuit Court of Appeals has held that a district court should consider a plaintiff's affidavit, if it is otherwise admissible, for the purposes of the defendant's motion for summary judgment, unless that affidavit contradicts deposition testimony. *See Webb v. Garelick Mfg. Co.,* 94 F.3d 484, 488 (8th Cir.1996). Hog Slat does *not* contend, however, that Marsh's affidavit should be disregarded, because it is contrary to any deposition testimony. Instead, Hog Slat relies on what it asserts to be the "conclusory" and "self-serving" nature of the affidavit.

Hog Slat is correct that a "conclusory" affidavit, standing alone, cannot create a genuine issue of material fact precluding summary judgment. *Allen v. Entergy Corp.,* 181 F.3d 902, 906 (8th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 618, —— L.Ed.2d —— (1999); *Rose–Maston v. NME Hosps., Inc.,* 133 F.3d 1104, 1109 (8th Cir.1998). However, Hog Slat is mistaken about what constitutes a "conclusory" affidavit, as well as whether an otherwise adequate affidavit, standing alone, can be sufficient to defeat a summary judgment motion.

In *Allen,* the Eighth Circuit Court of Appeals considered the sufficiency of a plaintiff's statement in an affidavit in resistance to a summary judgment motion that a purported employment skills test " 'had no relevancy to the jobs that [he] performed.' " *Allen,* 181 F.3d at 905 (quoting the affidavit). The court held as follows:

> This statement is insufficient to preclude summary judgment. Mr. Robinson's affidavit does not explain how the test differed from either the old job he performed or the new job he sought that

required multi-craft skills. *Mr. Robinson's conclusory affidavit "is devoid of any specific factual allegations" challenging the validity of the test, and as such, it cannot withstand a properly supported summary judgment motion. Flannery v. Trans World Airlines, Inc.,* 160 F.3d 425, 428 (8th Cir.1998). The plaintiffs did not offer any expert testimony, or any other evidence, to rebut Dr. Kleinke's affidavit testimony that the tests were valid and job related. Likewise, the plaintiffs offered nothing to rebut Dr. Kleinke's testimony about the Department of Labor's conclusion that the tests are consistent with the EEOC guidelines, which require selection tests to be job related. The record includes the unrebutted testimony that the same tests have been used for years in the hiring process at the power plants where the plaintiffs worked and that the company needed the aptitude tests to indicate whether the existing employees would be suitable for the new multi-craft positions. One plaintiff's conclusory assertion that the test was not related to the job he had performed is insufficient to prevail over the defendants' properly supported summary judgment motion. *See Rose–Maston v. NME Hospitals, Inc.,* 133 F.3d 1104, 1109 (8th Cir.1998).

*Allen,* 181 F.3d at 905–06 (emphasis added). Thus, a critical failing of a "conclusory" statement is that it "is devoid of any specific factual allegations." *Id.* at 905. Similarly, in *Rose–Maston,* on which *Allen* relies, the court rejected "unsubstantiated and conclusory allegations" that the plaintiff was subjected to an evaluation process different from that used with her fellow employees and that certain white employees received promotions for which they were not qualified as "insufficient to support an inference of pretext," because the plaintiff "points to no specific factual evidence supporting her claim, choosing instead to rely upon bald assertions of favoritism." *Rose–Maston,* 133 F.3d at 1109.

The Eighth Circuit Court of Appeals has repeatedly distinguished a "conclusory" affidavit from one sufficient to generate genuine issues of material fact on the basis of a "conclusory" affidavit's lack of factual specificity. *See Berg v. Norand Corp.,* 169 F.3d 1140, 1146 (8th Cir.) (plaintiff's affidavit was "conclusory," and thus insufficient to defeat summary judgment on an Equal Pay Act claim, as to the plaintiff's comparison of herself with male managers, because she failed to articulate which particular male managers had jobs similar to hers, or how the males compared in experience, education, and training), *cert. denied,* — U.S. —, 120 S.Ct. 174, 145 L.Ed.2d 147 (1999); *Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.,* 162 F.3d 991, 997 (8th Cir.1998) (affidavits asserting disclosure of confidential information learned while accessing computer files were "merely conclusory," because they "fail[ed] to enumerate specific evidence of any disclosure," and thus there was no "independent evidence, other than the petitioner's unsubstantiated allegations," making summary judgment for the defendant appropriate); *Flannery v. Trans World Airlines, Inc.,* 160 F.3d 425, 428 (8th Cir.1998) (the plaintiff failed to establish the "causal connection" element of a *prima facie* case of retaliation, because the only evidence on that element was her own "conclusory affidavit, which is devoid of any specific factual allegations that, if credited by a trial jury, could support a finding of causal connection"); *Helfter v. United Parcel Serv., Inc.,* 115 F.3d 613, 616 (8th Cir.1997) (the plaintiff's "conclusory" affidavit, making "general statements" that she was substantially limited in a long list of major life activities, was "insufficient to withstand a properly-supported summary judgment motion").

■ Nor is an affidavit necessarily "conclusory," and therefore insufficient to defeat summary judgment, simply because it represents the affiant's opinion about another person's state of mind with respect to somebody or something. For example, in *Kehoe v. Anheuser–Busch, Inc.,* 995 F.2d 117 (8th Cir.1993), the Eighth Circuit

Court of Appeals rejected the defendant's contention that a statement in an affidavit that a manager "treated Plaintiff and Bob Brunette with disdain" was inadmissible:

This statement is merely conclusory, defendant argues, and is therefore inadmissible. We disagree. To be sure, a statement that one person treated another "with disdain" is conclusory in a sense, because it represents the affiant's opinion, stated in summary form, about one person's state of mind with respect to another. In our view, the statement is not thereby rendered inadmissible. If the affiants have "personal knowledge," Fed.R.Civ.P. 56(3), there is no reason why they should not be permitted to summarize their impressions. Here, the affiants do have personal knowledge: they observed all of the principal actors in the work place. If the view stated in the affidavits is vulnerable, whether because of bias on the part of the affiants or because of their limited opportunity to observe Hudson's attitudes, cross-examination can easily reveal these defects and expose them to the judgment of the jury.

*Kehoe,* 995 F.2d at 119 n. 3. Thus, the question is not whether the affidavit states the affiant's opinion about another's state of mind, but whether the affiant had "personal knowledge" of the matters about which the affiant made the statement. *Id.; see also* FED.R.CIV.P. 56(e) ("Supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). However, a conclusory statement in an affidavit that the plaintiff was meeting the legitimate expectations of his or her employer cannot generate a genuine issue of material fact that precludes summary judgment, where personal knowledge and recitation of specific facts supporting the conclusion are lacking. *See Miller v. Citizens Sec. Group, Inc.,* 116 F.3d 343, 346–47 (8th Cir.1997) (a conclusory statement in an affidavit that the

plaintiff employee was meeting the defendant employer's legitimate expectations was insufficient to preclude summary judgment and there was no other evidence supporting the contention).

The fact that Marsh is attempting to generate genuine issues of material fact in an employment discrimination case is also pertinent to the question of whether his affidavit, standing alone, is sufficient to withstand Hog Slat's motion for summary judgment. The court detailed above some of the cases in which the Eighth Circuit Court of Appeals has recognized that discrimination cases often depend upon inferences from circumstantial evidence, and the impact this observation has on the court's view of the summary judgment record. *See Crawford,* 37 F.3d at 1341 ("Because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant."); *accord Snow,* 128 F.3d at 1205 ("Because discrimination cases often turn on inferences rather than on direct evidence, we are particularly deferential to the nonmovant," citing *Crawford* ); *Webb,* 94 F.3d at 486 (citing *Crawford,* 37 F.3d at 1341); *Wooten,* 58 F.3d at 385 (quoting *Crawford,* 37 F.3d at 1341); *Johnson,* 931 F.2d at 1244. The Second Circuit Court of Appeals also relied on this aspect of discrimination cases in *Danzer v. Norden Sys., Inc.,* 151 F.3d 50, 57 (2d Cir.1998), in its consideration of whether an employee's affidavit, standing alone, could be sufficient to defeat an employer's motion for summary judgment in an employment discrimination case. Despite the employer's attempts to "stigmatize" that affidavit as "self-serving" and "conclusory," the court concluded that the proffered affidavit was adequate to defeat the summary judgment motion:

> Finally, Norden argues that all of the evidence upon which Danzer relies to make out his prima facie case (and to defend against the motion for summary judgment) is only to be found in his extensive affidavit. Defendants charac-

terize this affidavit as "self-serving" and "conclusory," and claim that it is, therefore, insufficient.

> As an initial matter, we find no evidentiary infirmity in Danzer's detailed affidavit, which chronicles in depth the various episodes giving rise to his suit. More importantly, we resist defendants' invitation to graft additional requirements onto Fed.R.Civ.P. 56(c). There is nothing in the rule to suggest that nonmovants' affidavits alone cannot—as a matter of law—suffice to defend against a motion for summary judgment. Indeed, by suggesting that Danzer's affidavit is insufficient documentary evidence—or nothing more than a de facto extension of his pleadings—defendants seek to pervert both the language of Rule 56(c) and the spirit of employment discrimination jurisprudence.

> In discrimination cases, the only direct evidence available very often centers on what the defendant allegedly said or did. *See generally Developments in the Law—Employment Discrimination,* 109 Harv.L.Rev. 1568, 1579–1602 (1996) (discussing the difficulty in obtaining evidence in discrimination cases and the influence that this has had on procedural burdens). Since the defendant will rarely admit to having said or done what is alleged, and since third-party witnesses are by no means always available, the issue frequently becomes one of assessing the credibility of the parties.

> At summary judgment, however, that issue is necessarily resolved in favor of the nonmovant. To hold, as defendants ask us to do, that the nonmovant's allegations of fact are (because "self-serving") insufficient to fend off summary judgment would be to thrust the courts—at an inappropriate stage—into an adjudication of the merits. Such a radical change in the courts' role would be inappropriate not just in the discrimination context, but everywhere. *See, e.g., Chambers v. TRM Copy Ctrs. Corp.,*

43 F.3d 29, 38 (2d Cir.1994) ("It is not the province of the summary judgment court itself to decide what inferences should be drawn."). We therefore reject defendants' invitation to create this new rule.

*Danzer,* 151 F.3d at 57 (footnotes omitted). In a footnote, the court added, "Of course, if the nonmovant's affidavit fails to comply with Federal Rule of Civil Procedure 56(e), in that it is conclusory or not based on the affiant's personal knowledge, the affidavit would be insufficient to defend against a motion for summary judgment." *Id.* at 57 n. 5; *and compare Mills v. First Fed. Sav. & Loan Ass'n,* 83 F.3d 833, 843–44 (7th Cir.1996) (reiterating that, "[w]hile it is true that a 'nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion,' ... 'conclusory statements in [the plaintiff's] affidavit [or deposition] do not create an issue of fact,'" and holding that the plaintiff had failed to support her "own self-interested assertions" that her performance was adequate with any other evidence) (quoting, *Courtney v. Biosound, Inc.,* 42 F.3d 414, 418 (7th Cir.1994), and *Sample v. Aldi, Inc.,* 61 F.3d 544, 549 (7th Cir.1995), respectively).

### C. Sufficiency Of Marsh's Affidavit

■ First, this court adopts the conclusion and reasoning of the Second Circuit Court of Appeals in *Danzer,* 151 F.3d at 57, that "[t]here is nothing in [Rule 56] to suggest that nonmovants' affidavits alone cannot—as a matter of law—suffice to defend against a motion for summary judgment." *See also Mills,* 83 F.3d at 843–44 (reiterating that "it is true that a 'nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion'") (quoting *Courtney,* 42 F.3d at 418). As in *Danzer,* this court finds that any suggestion that a single, otherwise adequate affidavit, "is insufficient documentary evidence—or nothing more than a de facto extension of [the plaintiff's] pleadings—[would] pervert both the language of Rule 56(c) and the spirit of employment discrimination jurisprudence."

*Id.* In short, if the affidavit is adequate, it does not require "corroboration," and may defeat summary judgment "standing alone." Recognizing that Marsh's affidavit, standing alone, if otherwise adequate, can be sufficient to generate genuine issues of material fact defeating Hog Slat's motion for summary judgment, Hog Slat's frequent contention that Marsh offers no "corroboration" for the allegations in his affidavit does not provide a basis for granting Hog Slat's motion, if Marsh's affidavit is otherwise in compliance with Rule 56(e). *Cf. id.* at 57 n. 5 ("Of course, if the nonmovant's affidavit fails to comply with Federal Rule of Civil Procedure 56(e), in that it is conclusory or not based on the affiant's personal knowledge, the affidavit would be insufficient to defend against a motion for summary judgment."). The court therefore turns to a detailed consideration of the adequacy of Marsh's affidavit.

### 1. Age discriminatory failure to promote

■ Marsh's age discrimination claim asserts that he was not promoted to crew leader, while younger employees received such positions. In a failure-to-promote case, the plaintiff establishes a *prima facie* case by demonstrating the following: (1) he belonged to a protected class; (2) he met the minimum qualifications and applied for the position; (3) despite his qualifications, he was denied the position; and (4) his employer promoted a person of similar qualifications who was not a member of the protected class. *See, e.g., McCullough v. Real Foods, Inc.,* 140 F.3d 1123, 1126 (8th Cir.1998) (Title VII case); *accord Ramirez v. Iowa Dep't of Transp.,* 546 N.W.2d 629, 632 (Iowa Ct.App.1996) ("To establish a prima facie case, [the plaintiff] was required to show that he is a member of a protected class, that he met applicable job qualifications, that he was not promoted, and that the [employer] sought [persons not in the protected class] with similar qualifications to fill the job.").

Hog Slat asserts that it is entitled to summary judgment on Marsh's age discrimination claim, because Marsh was not meeting Hog Slat's "legitimate performance expectations," and therefore Marsh cannot establish the second element of his *prima facie* case on this claim. Hog Slat relies on the recitation of several instances of Marsh's performance deficiencies and attendance problems in the affidavits of Mr. Maxheimer and Mr. Bernholtz. Hog Slat asserts that Marsh's contrary allegations about these instances in his affidavit are merely "self-serving" and "conclusory." The court does not agree.

Far from being "conclusory," as defined by the case law discussed above, Mr. Marsh's affidavit, which is based on his personal knowledge, *see* FED.R.CIV.P. 56(e), provides fact-specific rebuttals to each of the instances of supposed poor performance detailed in Hog Slat's statement of facts and affidavits. *See* Affidavit of Richard Marsh, ¶¶ 1–5; *see also Allen,* 181 F.3d at 905 (a conclusory affidavit "is [one] devoid of any specific factual allegations"); *Rose–Maston,* 133 F.3d at 1109 (the non-movant's affidavit must rely on specific factual evidence, not merely bald assertions); *accord Berg,* 169 F.3d at 1146; *Pony Computer, Inc.,* 162 F.3d at 997; *Flannery,* 160 F.3d at 428; *Helfter,* 115 F.3d at 616. More specifically, the court finds that Marsh's affidavit *does* make "specific factual allegations that, if credited by a trial jury, could support a finding of [adequate performance]," and still further, could support a finding that Hog Slat's assertions of poor performance are pretextual. *Flannery,* 160 F.3d at 428.

Hog Slat's characterization of Marsh's affidavit as a "blanket denial" of his employer's statements does not withstand scrutiny. Examination of one charge of inadequate performance and Marsh's rebuttal of that charge will suffice to demonstrate the point. Hog Slat contends that

> [w]henever Mr. Marsh was placed in charge of a project, the crew would just stand around and no work would be completed. Mr. Marsh did not have the ability to push the crew to complete the job. In one instance, when Mr. Marsh was placed in charge of the crew at the Cornerstone project, the production dropped in half.

Brief in Support of Defendant's Motion For Summary Judgment, 10. The specific factual allegations in Mr. Bernholtz's affidavit, upon which Hog Slat's assertion in this instance relies, are as follows:

> On another occasion, Mr. Marsh was put in charge of a crew at the Cornerstone project when his direct supervisor left to go to town. During the entire time that Mr. Marsh was in charge, the production dropped to almost half. This production drop was noticed by the customer and the site supervisor.

Affidavit of Ken Bernholtz, ¶ 5. In response, Mr. Marsh states the following in his affidavit:

> I was not put in charge of the crew on the Cornerstone project. We were told to set up forms. Everybody on the crew, including me, had to wait while the grade was dug another foot deeper because one of the other employees shot the grade wrong. Nothing was ever said about the downtime being my fault because I didn't push the employees. I had no authority to push anybody.

Affidavit of Richard Marsh, ¶ 5. These allegations and counterallegations, based on Marsh's personal knowledge of a specific incident, raise genuine *factual* disputes that must be resolved by a jury. *Allen,* 181 F.3d at 905–06; *Berg,* 169 F.3d at 1146; *Pony Computer, Inc.,* 162 F.3d at 997; *Flannery,* 160 F.3d at 428; *Rose–Maston,* 133 F.3d at 1109; *Helfter,* 115 F.3d at 616.

As to a more general qualification, Hog Slat contends that Marsh admitted to Bernholtz that he could not read concrete blueprints. However, Marsh not only asserts that he can read such blueprints—perhaps a merely "conclusory" statement, but nonetheless one concerning a specific fact within his personal knowledge—but adds further that he read such blueprints while working for two of his previous em-

ployers, *Id.* at ¶ 2, thereby establishing a further factual basis for the assertion. *Allen,* 181 F.3d at 905; *Berg,* 169 F.3d at 1146; *Pony Computer, Inc.,* 162 F.3d at 997; *Flannery,* 160 F.3d at 428; *Rose–Maston,* 133 F.3d at 1109; *Helfter,* 115 F.3d at 616.

As another ground for summary judgment on Marsh's failure-to-promote claim, Hog Slat asserts the lack of evidence that Marsh was passed over for promotion in favor of younger employees, on the basis of examples of positions in the company held by persons as old or older than Marsh. However, Marsh's affidavit also details two specific instances in which open crew leader positions, the specific positions to which he sought promotion, were given instead to younger employees. *See id.* at ¶¶ 14–15. Although Hog Slat contends that Marsh never applied for a crew leader position, *see McCullough,* 140 F.3d at 1126 (including evidence that the plaintiff applied for the position in question as an element of the *prima facie* case in a failure-to-promote case), Marsh asserts that he did ask to be promoted to the crew leader position, notably in October of 1997 when Hog Slat was forming a third crew, but he was passed over in favor of a man in his mid-thirties. *See* Affidavit of Richard Marsh, ¶¶ 13 & 15. These specific, factual allegations, based on personal knowledge, likewise generate a genuine issue of material fact on this element of Marsh's *prima facie* claim of an age discriminatory failure to promote him to available crew leader positions. *Allen,* 181 F.3d at 905–06; *Berg,* 169 F.3d at 1146; *Pony Computer, Inc.,* 162 F.3d at 997; *Flannery,* 160 F.3d at 428; *Rose–Maston,* 133 F.3d at 1109; *Helfter,* 115 F.3d at 616.

Another decision of the Eighth Circuit Court of Appeals, *Madewell v. Roberts,* 909 F.2d 1203 (8th Cir.1990), is instructive on the import here of the conflict between the descriptions of Marsh's performance presented in Maxheimer's and Bernholtz's affidavits and Marsh's rebuttals in his affidavit:

> We disagree with the district court's conclusion that all of the allegations of retaliation were either conclusory or rebutted by defendants' affidavits. Plaintiffs alleged that defendants blocked reclassification opportunities and acted to worsen plaintiffs' living and working conditions in specific ways in retaliation for their litigation activities. Perry's denials of most of plaintiffs' allegations were disputed by plaintiffs' subsequent affidavits. *The district court could resolve this dispute only by deciding to believe Perry's affidavit rather than plaintiffs' affidavits, and such a credibility determination is inappropriate in ruling on a motion for summary judgment. See, e.g., White v. Farrier,* 849 F.2d 322, 326 (8th Cir.1988).

*Madewell v. Roberts,* 909 F.2d 1203, 1206 (8th Cir.1990) (emphasis added); *accord Quick,* 90 F.3d at 1376–77 (the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial); *Danzer,* 151 F.3d at 57 ("To hold, as defendants ask us to do, that the nonmovant's allegations of fact are (because 'self-serving' ") insufficient to fend off summary judgment would be to thrust the courts— at an inappropriate stage—into an adjudication of the merits. Such a radical change in the courts' role would be inappropriate not just in the discrimination context, but everywhere.). Just as in *Madewell,* Maxheimer and Bernholtz assert instances of Marsh's purportedly poor performance, but those assertions are disputed by Marsh's subsequent affidavit describing an entirely different set of facts. *See Madewell,* 909 F.2d at 1206. The court here can resolve the question of whether the instances cited by Hog Slat actually involved Marsh's poor performance in favor of Hog Slat "only by deciding to believe [Maxheimer's and Bernholtz's] affidavit[s] rather than [Marsh's] affidavi[t], and such a credibility determination is inappropriate in ruling on a motion for summary judgment." *Id.; accord*

*Quick,* 90 F.3d at 1376–77; *Danzer,* 151 F.3d at 57.

In light of the genuine issues of material fact generated by Marsh's affidavit, Hog Slat's motion for summary judgment on Marsh's age discrimination claims will be denied. *See* FED.R.CIV.P. 56(c) (summary judgment is appropriate only if there is no genuine issue as to any material fact).

### 2. *Retaliation*

■ Turning to Marsh's retaliation claim, the elements of a *prima facie* case of retaliation are the following: (1) the plaintiff participated in a protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *See, e.g., Kneibert v. Thomson Newspapers, Michigan, Inc.,* 129 F.3d 444, 454 (8th Cir.1997) (ADEA case); *accord City of Hampton v. Iowa Civil Rights Comm'n,* 554 N.W.2d 532, 535 (Iowa 1996) ("To establish.a prima facie case of retaliation, the claimant must show that (1) she was engaged in a statutorily protected activity, (2) she suffered adverse employment action, and (3) a causal connection existed between the first two factors."). Hog Slat contends that Marsh's affidavit fails to generate a genuine issue of material fact on the "causal connection" element of his *prima facie* case of retaliation.

■ However, the court finds that Marsh's affidavit also details, in fact-specific terms, incidents of adverse employment action directly related to the filing of his age-discrimination complaint. *See* Affidavit of Richard Marsh, ¶¶ 10–12. According to the affidavit, immediately upon learning of the age-discrimination complaint, managers for Hog Slat called a meeting with Marsh at which they specifically threatened him with the loss of his job if he didn't drop his complaint. *Id.* The court again finds that Marsh's affidavit makes "specific factual allegations that, if credited by a trial jury, could support a finding of [retaliation]." *Flannery,* 160 F.3d at 428.

Although Hog Slat contends that Marsh's affidavit is insufficient to rebut Maxheimer's and Bernholtz's denials of the allegedly retaliatory conduct, the decision of the Eighth Circuit Court of Appeals in *Madewell* is again instructive. *See Madewell,* 909 F.2d at 1206. Just as in *Madewell,* Maxheimer and Bernholtz deny that any retaliatory conduct related to Marsh's filing of an age discrimination complaint occurred during the June 5, 1998, meeting, but those denials were disputed by Marsh's subsequent affidavit describing an entirely different set of facts. *See id.* The court here can resolve the question of what happened during the June 5, 1998, meeting in favor of Hog Slat "only by deciding to believe [Maxheimer's and Bernholtz's] affidavit[s] rather than [Marsh's] affidavi[t], and such a credibility determination is inappropriate in ruling on a motion for summary judgment." *Id.; accord Quick,* 90 F.3d at 1376–77 (the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial); *Danzer,* 151 F.3d at 57 ("To hold, as defendants ask us to do, that the nonmovant's allegations of fact are (because 'self-serving') insufficient to fend off summary judgment would be to thrust the courts—at an inappropriate stage—into an adjudication of the merits. Such a radical change in the courts' role would be inappropriate not just in the discrimination context, but everywhere."). Thus, Marsh's affidavit is also sufficient to generate genuine issues of material fact on the challenged element of his retaliation claim.

In light of the genuine issues of material fact generated by Marsh's affidavit, Hog Slat's motion for summary judgment on Marsh's retaliation claims will also be denied. *See* FED.R.CIV.P. 56(c) (summary judgment is appropriate only if there is no genuine issue as to any material fact).

### III. CONCLUSION

Notwithstanding Hog Slat's contentions that Marsh's affidavit is too "conclusory" and "self-serving" to defeat its motion for summary judgment, the court's conclusion is to the contrary. A non-movant's affidavit can be sufficient, standing alone, to generate genuine issues of material fact precluding summary judgment. Furthermore, Marsh's affidavit in this case, reciting specific factual allegations within his personal knowledge, is sufficient to generate such genuine issues of material fact on the challenged elements of his *prima facie* cases of age discriminatory failure to promote and retaliation. Therefore, Hog Slat's motion for summary judgment is **denied** in its entirety.

**IT IS SO ORDERED.**