# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2517

_____

Frederick L. Pitchford,          *
                                    *

          Appellant,        *
                                    *   Appeal from the United States

   v.                         *   District Court for the
                                    *   Eastern District of Arkansas.

Postal Service, (U.S.),       *

                                    •   [UNPUBLISHED]

          Appellee.        *

_____

Submitted: May 31, 2005
Filed: June 8, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Frederick L. Pitchford appeals the district court's[1] Federal Rule of Civil Procedure 41(b) dismissal with prejudice of his case. We affirm.

We conclude the district court did not clearly err in finding that Pitchford intentionally disregarded a court order to attend a deposition: he failed to appear at two scheduled depositions, and he disobeyed a specific court order to appear at the second deposition after being warned--following his failure to appear at the first

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

scheduled deposition--that failure to comply with any court order would result in dismissal. Thus, we conclude the district court did not abuse its discretion in dismissing the action. See Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (clear error standard of review); cf. First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (reviewing Rule 41(b) dismissal for abuse of discretion, and finding dismissal justified where district court twice ordered plaintiffs to respond to discovery requests, provided them extensions, and expressly warned that failure to respond would result in dismissal). We also find no abuse of discretion in the district court's denial of Pitchford's postjudgment motions. See Middleton v. McDonald, 388 F.3d 614, 616 (8th Cir. 2004) (Rule 60(b) motions); Flannery v. Trans World Airlines, Inc., 160 F.3d 425, 428 (8th Cir. 1998) (Rule 59(e) motions).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____