# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2247

_____

Lonnie D. Snelling,

          Appellant,

    v.

Publishers Clearing House; Campus
Subscriptions, Inc.; PHC Executives,
Inc.; Deborah J. Holland; Robin B.
Smith; Andrew C. Goldberg; Margarete
Thuemmler; Dorothy Addeo; William
Delano; Peter E. Derow; Patrick R.
Edwards; Ira D. Hall; William B.
O'Connor; John Princiotta,

          Appellees.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted:  May 4, 2006
Filed:  May 11, 2006

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lonnie Snelling appeals the district court's[1] adverse grant of summary judgment, and denial of his post-judgment motions brought under Federal Rules of Civil Procedure 59 and 60, in his suit alleging violations of Missouri law and the federal Racketeer Influenced and Corrupt Organizations Act (RICO).

As to evidentiary matters, the district court did not abuse its discretion in admitting various challenged affidavits and documents submitted by defendants, see Sellers v. Mineta, 350 F.3d 706, 711 (8th Cir. 2003) (standard of review); nor did the court abuse its discretion in not granting Snelling's motion to compel discovery, see Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (standard of review), cert. denied, 510 U.S. 875 (1993). Further, Snelling's argument that he lacked sufficient time to conduct discovery prior to summary judgment is without merit because he did not seek a continuance under Federal Rule of Civil Procedure 56(f). See Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997).

Following de novo review of the record in the light most favorable to Snelling, see Evers v. Alliant Technosystems, Inc., 241 F.3d 948, 953 (8th Cir. 2001), we affirm the grant of summary judgment to defendants. Snelling failed to provide evidence raising genuine issues of material fact as to whether there was a sweepstakes, whether defendants' various representations were false, and whether defendants engaged in a plan or scheme to defraud. See Yarborough v. Devilbiss Air Power, Inc., 321 F.3d 728, 730 (8th Cir. 2003) (case founded on speculation or suspicion is insufficient to survive summary judgment motion); Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1109 (8th Cir. 1998) (conclusory affidavits, standing alone, cannot create genuine issue of material fact precluding summary judgment); Wisdom v. First Midwest Bank, 167 F.3d 402, 406 (8th Cir. 1999) (to establish RICO claim predicated on mail and wire fraud, plaintiff must establish, inter alia, plan or scheme to defraud);

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Groothand v. Schlueter, 949 S.W.2d 923, 927 (Mo. App. 1997) (where party who alleges fraudulent inducement to contract seeks to sue at law for damages, party must establish, inter alia, falsity of representation); Colgan v. Washington Realty Co., 879 S.W.2d 686, 689 (Mo. App. 1994) (to maintain cause of action for negligent misrepresentation, party must show, inter alia, representation was false).

The district court also did not abuse its discretion in denying Snelling's post-judgment motions. See Flannery v. Trans World Airlines, Inc., 160 F.3d 425, 426-28 (8th Cir. 1998) (motion under Rule 59(e) to set aside summary judgment fails where summary judgment was correctly decided); Atkinson v. Prudential Property Co., 43 F.3d 367, 371 (8th Cir. 1994) (district court's decision whether or not to grant Rule 60(b) motion will be reversed only for clear abuse of discretion).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____