_____

No. 96-2334

_____

Sherri L. Helfter,                       *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Southern District of Iowa
United Parcel Service, Inc.,             *
                                         *
          Appellee.                      *

_____

Submitted:  January 17, 1997

Filed: June 10, 1997

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and GUNN,[1] Senior
District Judge.

_____

GUNN, Senior District Judge.


     Sherri L. Helfter appeals the District Court's[2] order granting United
Parcel Services ("UPS") summary judgment on her claims of (1) disability
discrimination, (2) age discrimination, and (3) failure to disclose medical
information.  For the reasons set forth below, we affirm.

**I.    Background**

     The undisputed facts reveal that Ms. Helfter, a 46-year-old female,
began working for UPS at its Davenport facility in 1977 as a part-time
sorter.  The job  entailed  sorting packages by city,

_____

[1]The Honorable George F. Gunn, Jr., Senior United States
District Judge for the Eastern District of Missouri, sitting by
designation.

[2]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

- 1 -

state and zip code.  Over the years, Ms. Helfter developed a number of problems with her hands, arms, neck, and shoulders.  She sought treatment as early as 1986.  She was diagnosed with chronic, recurrent overuse syndrome in her hands, neck, and shoulders, carpel tunnel syndrome of the right wrist and chronic tenosynovitis of the left hand.  In 1989, upon Ms. Helfter's request for an accommodation, UPS assigned her to "small-sort" work.  This involves the sorting and lifting of packages under five pounds.

As a result of a perceived reduction in performance, UPS removed Ms. Helfter from active employment on March 3, 1993, to evaluate her physical condition.  On August 11, 1993, Ms. Helfter was given permanent medical restrictions which included a restriction as to sustained, highly repetitive activities using either hand, and a lift limit of ten pounds frequently and twenty pounds occasionally.  Because of these restrictions, Ms. Helfter cannot return to her job as a sorter.

On UPS's motion for summary judgment, the District Court determined that Ms. Helfter failed to submit evidence sufficient to create a genuine issue of material fact on whether she is disabled under the Iowa Civil Rights Act ("ICRA").  On her claim of age discrimination under the ICRA and the Age Discrimination in Employment Act ("ADEA"), the District Court ruled that Ms. Helfter failed to submit evidence showing that she is qualified for the job of sorter, that UPS articulated a legitimate, non-discriminatory reason for placing Ms. Helfter on inactive status--her physical inability to perform her job--and that Ms. Helfter failed to create a genuine issue of fact as to pretext.  Finally, the District Court held Ms. Helfter's claim that UPS breached a duty to disclose medical information it had regarding her work-related injury failed as a matter of law.

On appeal, Ms. Helfter argues that (1) she produced sufficient evidence to create a genuine issue of fact as to whether she is disabled; (2) she produced sufficient evidence to create a genuine issue of fact as to whether UPS discriminated against her due to

her age; and (3) the District Court erred by concluding that her claim for breach of duty to disclose medical information failed as a matter of law. We address each of these contentions below.

## II.   Discussion

### A.   Standard of Review

We review the District Court's grant of summary judgment de novo, applying the same standard as the District Court and examining the record in the light most favorable to the nonmoving party.  Lang v. Herald, 107 F.3d 1308, 1311 (8th Cir. 1997).  Summary judgment is appropriate if the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Although we have stated that "summary judgment should seldom be granted in employment discrimination cases," Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994), summary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of her case.  See Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 762 (8th Cir. 1995).

### B.   Disability Discrimination

Ms. Helfter raises two arguments with respect to the District Court's ruling on her disability discrimination claim.  First, she contends that the District Court improperly discounted her affidavit and deposition testimony in determining that she failed to present sufficient evidence to create an issue of fact as to whether she is substantially limited in major life activities other than work.  Second, Ms. Helfter maintains that the District Court erred by concluding the medical evidence and her own testimony does not raise an issue of fact as to whether she is substantially limited in the major life activity of work.

- 3 -

Iowa courts are guided by federal standards in applying the ICRA. Probasco v. Iowa Civil Rights Comm'n, 420 N.W.2d 432, 435 (Iowa 1988). Federal courts analyze disability discrimination claims by using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Price v. S-B Power Tool, 75 F.3d 362, 364-65 (8th Cir.), cert. denied, 117 S. Ct. 274 (1996). Under that approach, Ms. Helfter has the initial burden of establishing a prima facie case. Price, 75 F.3d at 365. A prima facie case consists of the following elements: (1) plaintiff is disabled; (2) plaintiff was qualified for her position; and (3) plaintiff suffered an adverse employment action because of her disability. See Boelman v. Manson State Bank, 522 N.W.2d 73, 79 (Iowa 1994).

The presence or absence of a disability is a threshold question. Falczynski v. Amoco Oil Co., 533 N.W.2d 226, 234 (Iowa 1995). A person is disabled if she has a physical or mental impairment which substantially limits one or more major life activities. Probasco, 420 N.W.2d at 434. Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, breathing, learning, and working. Id. Sitting, standing, lifting, and reaching are also considered major life activities. 29 C.F.R. § 1630.2(i). "Substantially limits" means unable to perform a major life activity that the average person in the general population can perform, or significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to an average person in the general population. Id., § 1630.2(j)(1)(i)-(ii). The following factors are considered in determining whether a person is substantially limited in a major life activity: (1) the nature and severity of the impairment; (2) its duration or anticipated duration; and (3) its long-term impact. Id., § 1630.2(j)(2)(i)-(iii).

Ms. Helfter first contends that the District Court improperly discounted her affidavit and deposition testimony concerning the

- 4 -

limits her conditions place on major life activities other than work.  The affidavit states:

> [M]y condition limits me substantially in major life activities.  Such activities include cleaning my house, preparing meals, carrying groceries, opening regular knobs on doors, driving a motor vehicle, secretarial work, using small utensils such as a screwdriver or knife and fork without modification, holding coffee cups, sitting in a fixed position for longer than 30 minutes or standing for more than 45 minutes.

App. at 186.  Ms. Helfter's deposition testimony is no more expansive concerning the limits her impairment places on her activities.  App. at 38-40.

We do not believe that the District Court erred by discounting Ms. Helfter's affidavit and deposition testimony due to its conclusory nature. We have described general statements in affidavits and deposition testimony similar to Ms. Helfter's as conclusory and have determined that such statements, standing alone, are insufficient to withstand a properly-supported motion for summary judgment.  See, e.g., Berg v. Bruce, ___ F.3d ___, 1997 WL 194474 at ** 4-5 (8th Cir. Apr. 23, 1997); Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 485 (8th Cir. 1997).

Ms. Helfter next argues that the medical evidence in the record creates a genuine issue of fact as to whether she is substantially limited in major life activities other than work.  App. at 88-108.  As noted above, Ms. Helfter cannot perform sustained, highly-repetitive activities with either hand, or lift more than ten pounds frequently and twenty pounds occasionally.  App. at 103.  Although this evidence indicates that Ms. Helfter's impairments limit work-related activities, we do not believe the evidence creates a genuine issue of material fact on whether the impairments impose substantial limitations on her major life activities other than work.  See, e.g., Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319.

- 5 -

Ms. Helfter next argues that the District Court erred by concluding she had failed to create a genuine issue of material fact as to the limitations her impairments place on the major life activity of work. Ms. Helfter maintains that the medical evidence and her own testimony creates an issue of fact as to whether she is substantially restricted from classes of jobs that require the same level of skill and dexterity as her sorter job at UPS. Ms. Helfter's affidavit indicates that she has not looked for other work, but states that she is familiar with a wide range of other jobs, which she knows she could not perform. App. at 186. Ms. Helfter further argues that she is not required to introduce independent, demographic evidence to survive summary judgment.

An impairment is a disability only if it significantly restricts a person's ability to perform a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable skills. Aucutt, 85 F.3d at 1319. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Id. The factors to be considered include: the number and type of jobs from which the impaired individual is disqualified; the geographical area to which the individual has reasonable access; and the individual's job training, experience, and expectations. Probasco, 420 N.W.2d at 432; 29 C.F.R. § 1630(2)(j)(3)(ii).

The Sixth Circuit recently affirmed a summary judgment for an employer in a federal disability discrimination case involving substantially similar facts in McKay v. Toyota Motor Mfg. Co., 110 F.3d 369 (6th Cir. 1997). There, the plaintiff was diagnosed with carpal tunnel syndrome and was limited to lifting a maximum of twenty pounds, restricted from using vibrating tools, and could not perform repetitive motions with her right hand. Id. at 371. The Court held:

> [A]t best, [plaintiff's] evidence supports a conclusion that her impairment disqualifies her from only the narrow range of assembly line manufacturing jobs that require repetitive motion

> or frequent lifting of more than ten pounds. It follows
> that her limited impairment would not significantly
> restrict her ability to perform a broad range of jobs in
> various classes.

Id. at 373.

Similarly, in Bolton v. Scrivener, 36 F.3d 939, 943-44 (10th Cir. 1994), the Court affirmed a summary judgment for the employer despite evidence that the plaintiff could not return to his former job as an order selector in a grocery warehouse due to permanent partial disability in his feet and restrictions on his ability to lift. The Court explained:

> This evidence, however, does little to show that
> [plaintiff] is restricted from performing a class of
> jobs. The evidence does not address [plaintiff's]
> vocational training, the geographical area to which he
> has access, or the number and type of jobs demanding
> similar training from which [plaintiff] would be
> disqualified. . . . Because [plaintiff] failed to
> produce evidence showing a significant restriction in his
> ability to perform either a class of jobs or a broad
> range of jobs in various classes, we affirm the award of
> summary judgment to [defendant] on [plaintiff's] ADA
> claim.

Id. at 944 (internal citations and quotations omitted).

Based on these authorities and our review of the record, we agree with the District Court that Ms. Helfter failed to create a genuine issue of fact as to whether her impairment rendered her unable to perform a class of jobs or a broad range of jobs in various classes within a geographical area to which she has reasonable access. Instead, we believe the evidence shows that Ms. Helfter is restricted only from performing jobs that require a substantial amount of sustained repetitive motion and heavy lifting. This is insufficient to render her disabled within the meaning of the ICRA. Our conclusion on this issue makes it unnecessary for us to address the alternative arguments advanced by the parties.

## C.    Age Discrimination

Ms. Helfter next argues that the District Court erred by granting defendant summary judgment on her age discrimination claim under the ICRA and the ADEA. The District Court determined that plaintiff's inability to perform the job of sorter precluded her claim at the prima facie stage. The Court further observed that plaintiff had produced no evidence to show that defendant's reason for placing her on inactive status--her physical restrictions--was a pretext for discrimination.

The burden-shifting analysis established in McDonnell Douglas Corp. v. Green applies to claims brought under both the ADEA and the ICRA. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 778 (8th Cir. 1995); Kunzman v. Enron Corp., 902 F. Supp. 882, 902 (N.D. Iowa 1995). Plaintiff has the initial burden of establishing a prima facie case of age discrimination. Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (8th Cir. 1995). If plaintiff makes this showing, the burden shifts to defendant to produce evidence that plaintiff was terminated for a legitimate, nondiscriminatory reason. If the defendant discharges this burden, then plaintiff must prove that defendant's asserted reason is merely a pretext for discrimination. Id.

To establish a prima facie case, Ms. Helfter must show that (1) she is a member of the protected class; (2) she meets the minimum qualifications for the position; (3) she suffered an adverse employment action; and (4) the employer continued to attempt to fill the position with applicants having similar qualifications. Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 896 (8th Cir. 1992). Upon review of the record, we agree with the District Court that Ms. Helfter failed to create a genuine issue of fact as to whether she is qualified to perform her previous job as a sorter. The evidence reveals that Ms. Helfter was removed from that position because she was physically unable to perform the job, and she cannot return to that job. Accordingly,

the District Court correctly granted UPS summary judgment on Ms. Helfter's age discrimination claim.

**D.    Failure to Disclose Medical Information**

Ms. Helfter alleged that UPS failed to disclose medical information to her which it had concerning her work-related injury.  The District Court determined that this allegation does not state a claim for relief under Iowa law.  On appeal, Ms. Helfter has failed to cite any authority to support this claim.  Accordingly, we affirm the District Court's decision to dismiss this claim.

**III. Conclusion**

In accordance with the foregoing, we affirm the District Court's judgment in favor of UPS.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

- 9 -