Betty S. HAMILTON Plaintiff

v.

RHEEM MANUFACTURING
COMPANY Defendant

No. 00–2012.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Oct. 6, 2000.

Eddie H. Walker, Jr., Walker, Shock, Harp & Cox, Fort Smith, AR, for Plaintiff.

Michael R. Jones, Christopher F. Woomer, Gilker & Jones, Mountainburg, AR, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

The Plaintiff brings this action against her former employer contending that Defendant discriminated against her in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. (Doc. 1.) Currently before the Court is Defendant's motion for summary judgment. (Docs.7–9.)

## I. BACKGROUND

The following facts are not disputed. Plaintiff began working for Defendant, a heating and air conditioning manufacturer, in 1985 and held the position of production worker during the time period in question. In 1996, as a result of a previous on-the-job shoulder injury, a physician on contract with Defendant restricted Plaintiff from lifting greater than 15 pounds and performing "above shoulder work." (Doc. 11 Ex. 6.)[1] With these restrictions, Plaintiff was unable to perform all the essential functions listed in the written job description of a production worker. (Doc. 8 Ex. 4 Attachs. A and B.) Plaintiff was nonetheless allowed to maintain her position as a production worker and was assigned light-duty tasks. In August 1997, however, Defendant instituted a new policy, the Transitional Return to Work Program, which provided that employees could not remain on light duty permanently and that they would be given a ninety-day transitional period. At the end of this ninety-day period, employees would have to take a leave of absence if they could not perform all essential functions of their job classification. (Doc. 11 Ex. 5.) In November 1997, Plaintiff's transitional period expired and she was placed on a leave of absence because she still had the lifting and above-shoulder level restrictions. (Doc. 11 Ex. 18.)

Plaintiff remained on a leave of absence for two years, during which time period, she found employment delivering phone books, telemarketing, and performing quality control at two different food processing plants. Plaintiff left these jobs for reasons unrelated to her medical restrictions. (Doc. 8 Ex. 1 at 29–35, 40–45, 67.) In June 1999, Plaintiff was notified that she was being terminated from Defendant's employment because she had accepted full-time employment with Whirlpool Corporation as a "material handler for assembly." (Doc. 8 Ex. 1 at 55–66; Doc. 11 Ex. 13.)

Plaintiff contends that Defendant intentionally discriminated against her on the basis of her disability by placing her on a leave of absence and making no attempt to accommodate her disability. Defendants move for summary judgment, arguing that

---

1. While other restrictions were later placed on Plaintiff, they are not at issue in this action, as they were only of a temporary nature, not permanent or long-term as required by the ADA. *See* 29 C.F.R. Pt. 1630, App. § 1630.2(j).

Plaintiff is not disabled within the meaning of the ADA.

## II. DISCUSSION

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999). If the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which it will bear the burden of proof at trial, then the defendant is entitled to judgment as a matter of law and all other facts are rendered immaterial. *See Thelma D. By Delores A. v. Bd. of Educ.*, 934 F.2d 929, 932 (8th Cir.1991).

The ADA prohibits covered employers from discriminating against individuals on the basis of their disabilities. *See* 42 U.S.C. § 12112(a). Specifically, it prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Although the statute is broadly worded and appears to be all-inclusive, two recent Supreme Court cases have substantially limited its application. *See Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) and *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

■ The issue before the Court is whether Plaintiff has sufficiently alleged a "disability," which is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). We first address whether Plaintiff has an impairment that substantially limits a major life activity.

■ The Equal Employment Opportunity Commission regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Plaintiff contends that, due to her inability to lift greater than 15 pounds and perform above-shoulder work, she is substantially limited in her ability to work, because she is restricted to jobs that are generally classified as light to sedentary. An impairment "substantially limits" an individual's major life activity of working if it significantly restricts the individual's "ability to perform either a class of jobs or a broad range of jobs in various classes." *Id.* § 1630.2(j)(3)(i). The inability to perform a "single, particular job," however, does not constitute a substantial limitation. *Id.* As the Eighth Circuit held in *Miller v. City of Springfield*, 146 F.3d 612, 614–15 (8th Cir.1998), a "finding that a plaintiff is substantially limited in working requires a showing that her overall employment opportunities are limited ... working does not mean working at a particular job of the person's choice."

The Eighth Circuit has repeatedly rejected claims that lifting restrictions substantially limit an employee's major life activity of working. *See Gutridge v. Clure*, 153 F.3d 898, 901 (8th Cir.1998), *cert. denied*, 526 U.S. 1113, 119 S.Ct. 1758, 143

L.Ed.2d 790 (1999); *Snow v. Ridgeview Medical Ctr.*, 128 F.3d 1201, 1207 (8th Cir.1997); *Helfter v. United Parcel Serv.*, 115 F.3d 613, 617–18 (8th Cir.1997). In *Helfter* in particular, the Eighth Circuit held that an employee who could not perform repetitive activities with her hands and who could not lift more than 10 pounds frequently and 20 pounds occasionally was not substantially limited in her ability to work. The court reasoned that these restrictions did not render the employee unable to perform a class of jobs or a broad range of jobs in various classes, but rather they only restricted her from performing jobs that required repetitive motion and heavy lifting. *See Helfter*, 115 F.3d at 617–18.

Similarly, in the present case, while Plaintiff is restricted from performing jobs requiring lifting in excess of 15 pounds and above-shoulder work, there remains a broad range of jobs available to her. Indeed, Plaintiff found various jobs that she was able to perform within her stated restrictions, i.e., delivering phone books, telemarketing, and performing quality control. She is currently employed full-time in a factory as a material handler. Thus, while Plaintiff does have some medically imposed restrictions, she does not have an impairment that substantially limits her major life activity of working and she therefore does not have a disability as defined under the first prong of the ADA.

Plaintiff next argues that she has a "record" of a disability as defined under the second prong of the ADA. A "record" of a disability means a "history of . . . a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). As Plaintiff has failed to show that her restrictions *ever* substantially limited her major life activity of working, she has failed to establish a record of a disability. *See Gutridge*, 153 F.3d at 901–02.

Finally, Plaintiff argues that she was "regarded as" having a disability as defined under the third prong of the ADA. Such a claim arises when an employer *mistakenly* believes that an individual has a substantially limiting impairment. *See Sutton*, 527 U.S. at 489, 119 S.Ct. 2139. Plaintiff contends that she was able to perform her job as a production worker even with her medical restrictions and that Defendant forced her to take a leave of absence. The evidence indicates, however, that Plaintiff was able to perform her job only because Defendant accommodated her restrictions by giving her light-duty tasks. An employer is not required to create a permanent position out of a temporary one as an accommodation. *See Fjellestad v. Pizza Hut of America, Inc.*, 188 F.3d 944, 950 (8th Cir.1999).

Plaintiff further contends the fact that it was Defendant's company doctor who imposed the medical restrictions reflects that Defendant regarded her as disabled. While the company doctor may have been the one to impose the restrictions, Plaintiff has failed to demonstrate that Defendant regarded these restrictions as substantially limiting. An employer is free to establish physical criteria for a job and, while in this case, Plaintiff's medical restrictions prevented her from meeting Defendant's criteria for the particular job of production worker, this does not establish that Defendant regarded her restrictions as substantially limiting. *See Sutton*, 527 U.S. at 490–94, 119 S.Ct. 2139; *Wooten v. Farmland Foods*, 58 F.3d 382, 386 (8th Cir. 1995).

### III. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff has failed to establish a "disability" as defined under any of the three prongs of the ADA. Plaintiff has therefore failed to satisfy the first element

of a prima facie case under the ADA. Accordingly, the Court finds Defendant's Motion for Summary Judgment should be ·; hereby is GRANTED and Plaintiff's case is DISMISSED in its entirety.