**Gail CUTLER, Plaintiff,**

**v.**

**HAMDEN BOARD OF EDUCATION and The Town Of Hamden Defendants.**

**No. 3:99CV1972 (GLG).**

United States District Court, D. Connecticut.

June 29, 2001.

Jonathan L. Gould, Hartford, CT, for Plaintiff.

***MEMORANDUM DECISION***

GOETTEL, District Judge.

In this action, the plaintiff claims, *inter alia,* that the defendant Hamden Board of

Education discriminated against her because of a physical disability by refusing to hire her and failed to accommodate her disability and also retaliated against her because of her complaints about discrimination.

The defendant now moves for summary judgment as to plaintiff's claim under the Americans with Disabilities Act ("**ADA**"), set forth in Count One of her amended complaint, on the ground that plaintiff is not disabled as that term is defined by the ADA [**Doc. # 21**].

The plaintiff had surgery on her right hand to correct a carpal tunnel syndrome in the early 1990's. The surgery was not entirely successful and she had some deformation in her right hand. The following facts set forth in the defendant's 9(c)2 Statement are not disputed.

- The plaintiff was employed by the Hamden Board of Education at various times since approximately September of 1992.
- The plaintiff was(sic) held a temporary clerk/typist position in the Pupil Services Department of the Hamden Board of Education from November, 1997 until April, 1998.
- The plaintiff has difficulty performing long typing projects.
- The plaintiff was able to (generally) complete the other job duties of this [Clerk IV] position.
- In April of 1998, the plaintiff's temporary position in the Pupil Services Department ended.
- The plaintiff applied for a permanent Clerk IV position in the Pupil Services Department but did not obtain that position.

- In May, 1998, the plaintiff applied for a Clerk IV position in the Central Office of the Board of Education Department (the plaintiff did not obtain that position either).
- In March of 1999, the plaintiff applied for a Clerk IV position in the central office of the Finance and Facilities Department of the Board of Education (the plaintiff did not obtain that position either).
- From March 1999 to May 1999, the plaintiff applied for two Clerk IV positions in the Tax Assessor's Office (the plaintiff did not obtain those positions either).
- The plaintiff believes she can perform the necessary job duties of any position of employment within the Board or the Town.[1]

Plaintiff maintains that, while she cannot type 30 words-a-minute as required by some employers, she can type 20 words-a-minute. Indeed she maintains that she can perform the necessary job duties of any position of employment offered by the defendant. Consequently, she has not demonstrated that she is unable to perform a broad range of manual tasks.

*The Merck Manual* defines carpal tunnel syndrome as follows:

CARPAL TUNNEL SYNDROME. Compression of the median nerve as it passes through the carpal tunnel in the wrist. Carpal tunnel syndrome is very common and most commonly occurs in women aged 30 to 50 yr.... Activities or jobs that require repetitive flexion and extension of the wrist (e.g., key-

1. Other claims of the defendant relating to the qualifications of the persons who obtained the position for which plaintiff applied and whom the defendant claims were better qualified candidates, are disputed. This Court does not presently deal with the issue of whether the defendant had a non-discriminatory reason for not hiring the plaintiff.

board use) may pose an occupational risk. . . .

*The Merck Manual* (17th Ed.1999) at 491.

Numerous courts have considered the question of whether a carpal tunnel syndrome or similar limitations on repetitive motion constitutes a physical impairment that substantially limits one or more of the major life activities of the individual. The Eighth Circuit in *Helfter v. United Parcel Service, Inc.*, 115 F.3d 613, 617–618 (8th Cir.1997), held that the plaintiff had "failed to create a genuine issue of fact as to whether her impairment [carpal tunnel syndrome] rendered her unable to perform a class of jobs or a broad range of jobs in various classes within a geographical area to which she has reasonable access." Instead, the Court found that the evidence showed that the plaintiff was restricted "only from performing jobs that require a substantial amount of sustained repetitive motion and heavy lifting." *Id.* at 618. This, the Court held, is insufficient to render the plaintiff disabled within the meaning of the State's Civil Rights Act (which parallels the ADA). *Id.; see also Gutridge v. Clure,* 153 F.3d 898, 900 (8th Cir.1998); *Wooten v. Farmland Foods,* 58 F.3d 382, 386 (8th Cir.1995). Similarly, the Sixth Circuit has held that a carpal tunnel syndrome, which restricted the plaintiff from work involving repetitive motion, was insufficient to establish that her condition disqualified her from a broad range of jobs. *McKay v. Toyota Motor Mfg. USA, Inc.,* 110 F.3d 369, 373 (6th Cir.1997). That conclusion has also been reached by virtually every other court which has considered the issue. *See, e.g., Riggs v. Boeing Co.,* 98 F.Supp.2d 1252 (D.Kan.2000), *aff'd,* 246 F.3d 682 (10th Cir.2001)(holding that defendant-employer was entitled to summary judgment on ADA claim where plaintiff, who suffered from carpal tunnel syndrome, did not show that she was substantially limited in the major life activities

of lifting or working); *Gelabert–Ladenheim v. American Airlines, Inc.,* 252 F.3d 54, 60 (1st Cir.2001)(holding that there was not even a "colorable claim" that plaintiff, who suffered from carpal tunnel syndrome, was disqualified from a broad range of jobs in various classes); *Broussard v. University of California at Berkeley,* 192 F.3d 1252, 1259 (9th Cir.1999)(affirming summary judgment on plaintiff's ADA claim where she could not demonstrate that her carpal tunnel syndrome limited her ability to perform a wide range of jobs); *Price v. Marathon Cheese Corp.,* 119 F.3d 330, 336 (5th Cir.1997)(affirming summary judgment in favor of employer on plaintiff's ADA claim where plaintiff, who had carpal tunnel syndrome, failed to establish a substantial limitation of one or more major life activities); *Nowlin v. K Mart Corp.,* 50 F.Supp.2d 1064, 1071 (D.Kan.1999), *aff'd,* 232 F.3d 902 (10th Cir.2000)(holding that plaintiff with carpal tunnel syndrome was not disabled because he was not substantially limited in the major life activity of working); *Terrell v. USAir, Inc.,* 955 F.Supp. 1448, 1451 (M.D.Fla.1996)(holding that employer was entitled to summary judgment on plaintiff's ADA claim because plaintiff with carpal tunnel syndrome had not established that she was substantially limited in the major life activity of working and, therefore, was not disabled), *aff'd,* 132 F.3d 621, 624 n. 4 (11th Cir.1998) (affirming grant of summary judgment on ground that plaintiff had not shown that she was not granted a reasonable accommodation, but expressly declining to reach the issue of whether plaintiff was disabled); *Williams v. H.N.S. Management Co., Inc.,* 56 F.Supp.2d 215, 221 (D.Conn.1999)(granting summary judgment on an ADA claim based on carpal tunnel syndrome where the plaintiff returned to work after surgery for two years until his retirement and did not demon-

strate that he was substantially limited in the major life activity of working); *Shpargel v. Stage & Co.,* 914 F.Supp. 1468, 1474 (E.D.Mich.1996)(rejecting an ADA claim based on carpal tunnel syndrome where plaintiff demonstrated only that he was prevented from working more than eight hours a day); *Fink v. Kitzman,* 881 F.Supp. 1347, 1377 (N.D.Iowa 1995)(granting summary judgment for defendant on an ADA claim based on carpal tunnel syndrome because plaintiff established only that she had a lifting restriction and not that the restriction had any impact on her job); *Umansky v. Masterpiece Internat'l Ltd.,* No. 96 Civ. 2367, 1998 WL 433779, at *5 (S.D.N.Y. July 31, 1998)(rejecting an ADA claim based on carpal tunnel syndrome where plaintiff could not perform "heavy lifting"); *Schultz v. Lear Corp.,* No. Civ. A 98–0076–H, 1999 WL 420826 (W.D.Va. June 11, 1999)(holding that post-surgical effects of carpal tunnel syndrome did not substantially limit plaintiff's ability to perform major life activity of working); *Adair v. W.H. Braum's, Inc.,* NO. Civ. A. 398CV0505P, 1999 WL 242696, at *5 (N.D.Tex. Apr. 20, 1999) (plaintiff's evidence that her carpal tunnel syndrome limited her ability to perform a narrow range of jobs was insufficient to establish that she was disabled); *but see Quint v. A.E. Staley Mftg. Co.,* 172 F.3d 1, 13 (1st Cir.1999)(holding that bilateral carpal tunnel syndrome, plus irritate ulnar nerves and arm/shoulder syndrome constituted a "disability"); *Williams v. Toyota Motor Mftg.,* 224 F.3d 840, 844 (6th Cir.2000)(carpal tunnel syndrome plus tendinitis and ligament and muscle problems constituted a disability where they substantially limited the plaintiff's ability to perform the major life activity of working), *cert. granted,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 466 (2001); *Wellington v. Lyon County School District,* 187 F.3d 1150, 1155 (9th Cir.1999)(finding factual issue as to whether plaintiff's carpal tunnel syndrome precluded him from performing work in a wide range of jobs); *Smith v. Kitterman, Inc.,* 897 F.Supp. 423, 427 (W.D.Mo.1995)(finding factual issue precluding summary judgment as to whether employee with carpal tunnel syndrome, who was 42 years old and did not have a college education, was significantly restricted in her ability to perform a wide range of jobs); *Foster v. Arthur Andersen, LLP,* 168 F.3d 1029, 1033 (7th Cir.1999)(assuming that carpal tunnel syndrome is a disability without reaching the merits of the issue). This Court has also so held in cases involving similar (but not identical) restrictions. *See Zarzycki v. United Technologies Corp.,* 30 F.Supp.2d 283, 289–93 (D.Conn.1998)(holding that plaintiff with back injury was not disabled within the meaning of the ADA where plaintiff did not offer any medical evidence on his inability to perform a broad range of manual tasks).

Plaintiff does not respond to this persuasive legal authority. Instead, she relies upon her doctor's conclusion that:

- This impairment substantially limits a major life activity of Ms. Cutler regarding her ability to perform manual tasks. She is restricted in her ability to perform rapid and/or repetitive motions with her right upper extremity.

- Based on these findings, my opinion is that Ms. Cutler has a physical impairment that substantially limits one of her major life activities and is thus an individual with a disability as defined under the American With Disabilities Act.

This opinion sounds suspiciously like a doctor practicing law without a license. (It may be that the opinion was formulated by plaintiff's counsel and simply adopted by the doctor.) In any event, the doctor's legal conclusion does not provide any fac-

tual evidence that plaintiff is substantially limited in the major life activity of working. While we recognize that the determination of whether plaintiff is disabled requires an "individualized inquiry," *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the burden remains with the plaintiff to point to some credible evidence that she is significantly restricted in her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. *See* 29 C.F.R. § 1630.2(j)(3)(i). This she has failed to do.

We are by no means adopting a *per se* rule that carpal tunnel syndrome will *never* be severe enough to rise to the level of a disability under the ADA. However, carpal tunnel syndrome will not rise to the level of a disability unless plaintiff shows that it results in a substantial limitation on a major life activity such as working. As the substantial body of case law cited above demonstrates, disabilities such as the plaintiff's do not generally constitute a disability within the meaning of the ADA since the inability to perform a single job or a particular job function is not sufficient to constitute a substantial limitation on the major life activity of working. *See* 29 C.F.R. § 1630.2(j)(3).

Accordingly, the motion for partial summary judgment [**doc. # 21**] is **GRANTED** as to plaintiff's ADA claim set forth Count One of plaintiff's amended complaint.

SO ORDERED.