# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2378

_____

| | | |
|---|---|---|
| Michael K. Gray, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Arkansas Department of Housing & | * | |
| Urban Development, et al., | * | **[TO BE PUBLISHED]** |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 8, 2002

Filed:  November 18, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael Gray, who is black, was hired as a Grant Coordinator for the Forrest City Housing Authority (FCHA) in October 1999 by FCHA Director Janet Duncan, who is white, and FCHA Assistant Director Wayne McNeary, who is black.  In August 2000, Duncan and McNeary placed Gray on ninety-day disciplinary probation for poor job performance, including his failure to set up tenant programs.  In December Gray was terminated for his continued failure to set up programs.  After pursuing an administrative charge of discrimination, Gray filed this complaint against

the Arkansas Department of Housing and Urban Development, the FCHA, Duncan, and McNeary, alleging that he was placed on probation and terminated on account of his race in violation of 42 U.S.C. §§ 1981, 1983, and 2000e et seq. The district court[1] granted summary judgment dismissing these claims, and Gray appeals.

In the district court, Gray asserted that he was placed on probation a few days after filing for a school board position against a white candidate; that in the months prior to his termination, he argued with Duncan over her demand that he deny a tenant access to the community center and over the data to be included in a report; and that Duncan called him an "arrogant nigger" for writing an article in a local newspaper criticizing school officials. He submitted the FCHA's personnel policy, which provided that disciplinary action should be taken in writing and should specify the conduct which caused the probation, and should not exceed thirty days. He also submitted the affidavits of three FCHA tenants, who attested that Gray set up and reactivated programs, that he performed his job well, and that Duncan treated blacks poorly and differently than whites.

In their depositions, Duncan and McNeary testified that Gray did not achieve any success in building up tenant programs, and McNeary testified that he suggested Gray be placed on probation for ninety days to give him adequate time to correct deficiencies in his performance. At the end of the ninety-day period, the probation was extended to December 1. At that time, Duncan and McNeary discussed Gray's deficient job performance and agreed he should be terminated. The district court granted defendants' motion for summary judgment, concluding that they had provided a legitimate nondiscriminatory reason for the adverse employment actions, that Gray had failed to come forward with evidence showing the reason was pretextual, and that the termination did not violate Gray's due process rights.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

We review the grant of summary judgment de novo. See Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000). Gray was hired and fired by the same two supervisory officials within a relatively short period. Although Gray submitted evidence tending to show his job performance was better than these supervisors concluded, we agree with the district court that Gray presented insufficient evidence that the reason given by Duncan and McNeary for his discharge was a pretext for intentional discrimination. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777, 781 (8th Cir. 1995) (federal courts do not review the wisdom or fairness of employers' business judgments, unless those judgments involve intentional discrimination). While Duncan and Gray may have disagreed over political issues and the extent of Gray's job duties, this in and of itself does not raise an inference of discrimination. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1108-09 (8th Cir. 1998) (discrimination law does not prohibit employment decisions based on job performance, erroneous evaluations, personality conflicts, or even unsound business practices).

We also agree with the district court that Gray failed to present sufficient evidence supporting his other claims. Accordingly, we affirm.

BYE, Circuit Judge, dissenting.

I respectfully dissent as to Michael K. Gray's employment-discrimination claim. I believe Gray created a triable issue of fact as to whether defendants' stated reason for their actions was a pretext for discrimination. Gray alleged in his complaint that Duncan made a racially derogatory remark to him. He also submitted the affidavits of three tenants who attested that Gray set up tenant programs and performed his job well, and that Duncan treated blacks worse than whites. See Rose-Maston, 133 F.3d at 1108 (plaintiff can prove pretext either directly by showing that his employer was more likely motivated by racism, or indirectly by showing that employer's explanation is not worthy of credence). Gray also submitted FCHA's

personnel policy, which certainly seems to have been violated: Gray's 90-day probation exceeded the maximum allowable 30-day probation; and there is no evidence the letter informing Gray of his probation status (which was not submitted as part of the summary judgment record or on appeal) specified the problematic conduct or the criteria to be met for removal from probationary status. See Floyd v. Mo. Dep't of Soc. Servs., 188 F.3d 932, 937 (8th Cir. 1999) (employer's failure to follow its policies may support inference of pretext); Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 909 (8th Cir. 1999) (discriminatory enforcement of disciplinary policy may create factual dispute as to pretext). Finally, defendants failed to provide any evidence – other than their attestations and deposition testimony – that Gray's performance was deficient. Just as conclusory statements in deposition testimony, standing alone, are insufficient to withstand a properly supported motion for summary judgment, see Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997), the same standard should apply to the party moving for summary judgment. I would, therefore, remand for further proceedings on this claim.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-