# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1049

_____

Cynthia Cardwell Armstrong,     *
                                  *

          Appellant,         *

                                  *    Appeal from the United States
    v.                         *    District Court for the Northern
                                  *    District of Iowa.

Systems Unlimited, Inc.,        *

                                  *         [UNPUBLISHED]
          Appellee.          *

_____

Submitted: September 3, 2003

Filed: September 8, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

      After Cynthia Cardwell Armstrong returned to work at Systems Unlimited, Inc. (Systems) following a maternity leave, Systems demoted her, claiming she had performance problems. She brought an action under Title VII and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; and the Iowa Civil Rights Act, claiming gender

and pregnancy discrimination, constructive discharge, and FMLA retaliation. The district court[1] granted Systems summary judgment on all claims, and we affirm.

We conclude Ms. Armstrong did not establish a prima facie case of gender or pregnancy discrimination. The evidence viewed in the light most favorable to Ms. Armstrong establishes only that she was treated the same (although perhaps equally badly) as male and female employees with other types of medical conditions. See 42 U.S.C. § 2000e(k) (women affected by pregnancy or childbirth shall be treated the same as similarly situated employees not so affected); Breeding, 164 F.3d at 1156 (gender discrimination); Deneen v. N.W. Airlines, Inc., 132 F.3d 431, 436-37 (8th Cir. 1998) (pregnancy discrimination). Further, Ms. Armstrong's evidence that a male employee was able to procure raises she had been unable to procure, that she was held to different expectations than other staff, that another male employee was not reprimanded for failing to attend an event, and that other staff were not given a list of expectations while she was, is not probative of gender or pregnancy discrimination: it is either too conclusory, or Ms. Armstrong failed to show that the other staff at issue were similarly situated to her. See Helfter v. UPS, Inc., 115 F.3d 613, 616 (8th Cir. 1997) (conclusory statements in affidavits and depositions, standing alone, are insufficient to withstand summary judgment); Lang v. Herald, 107 F.3d 1308, 1311-12 (8th Cir.) (employee must show she was treated differently than similarly situated employees), cert. denied, 522 U.S. 839 (1997). Because Ms. Armstrong did not establish a prima facie case of discrimination, her constructive- discharge claim also must fail. Cf. Hutchins v. Int'l Bhd. of Teamsters, 177 F.3d 1076, 1082 (8th Cir. 1999) (to establish constructive discharge, plaintiff must show violation of Title VII and intolerable working conditions which forced employee to quit).

[1]The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Finally, as to Ms. Armstrong's FMLA retaliation claim, we conclude she did not rebut Systems' evidence that she was having performance problems before she went on leave, and that her superiors discovered additional performance problems while she was on leave. See Smith v. Allen Health Sys., Inc., 302 F.3d 827, 833-34 (8th Cir. 2002) (employee bears burden of showing employer's justification is not credible; evidence that employer had been concerned about problem before employee engaged in protected activity undercuts significance of temporal proximity).

Accordingly, we affirm. We also deny Ms. Armstrong's motion to supplement the record, as appellate courts generally cannot consider evidence not contained in the record below. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.